UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESSICA VERNER MORAN, *Est of*,
JOHN VERNER MORAN, *Exc.*,
    *Plaintiffs*,

v.

TOWN OF CHESHIRE *et al.*,
    *Defendants*.

No. 3:19-cv-00637 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiffs have filed this lawsuit *pro se* alleging misconduct in connection with a foreclosure and ejectment from a family home. Because it does not appear that the complaints allege facts that give rise to plausible grounds for federal jurisdiction or state plausible grounds for relief, the Court is considering whether to dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Before the Court dismisses this action, however, the Court will describe its concerns and permit plaintiffs an opportunity to file a response and/or an amended complaint to show why this action should not be dismissed.

**BACKGROUND**

There are two documents that have been filed and labeled as "complaints" in this action. Docs. #1 and #21. The first complaint (Doc. #1) is composed of about 131 pages, which includes a series of attachments. The second complaint (Doc. #21) is just 5 pages and appears to be duplicative of parts of the first complaint.

The complaints name two putative plaintiffs: "Jessica Verner Moran/Est. of" and "John Verner Moran/Exc." All of the papers filed by plaintiffs in this case appear to be signed by John Verner Moran, and the papers reflect that Jessica Verner Moran has passed away. Under

1

Connecticut law, "[a]n estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. Not having a legal existence, it can neither sue nor be sued." *Rock v. Univ. of Connecticut*, 323 Conn. 26, 32 (2016). Accordingly, there appears to be no basis for this lawsuit to proceed in the name of Jessica Verner Moran or the Estate of Jessica Verner Moran, and I will henceforth refer to the operative plaintiff in this case as John Verner Moran.

The complaints confusingly names the following sets of paired defendants: "Town of Cheshire, Connectciut [sic] (Town Manager Sean Kimball[)]," "State of Connecticut (Attorney General William Tong)," and "Virgo Municipal Finance Fund Inc. L.P. (Atty. Joshua Gilman)," and "Ricci Construction Group Inc. (Atty. Kevin J. Hecht)." Doc. #1 at 1; Doc. #21. It is not clear if Moran intends to proceed against the entities named, the persons named, or both.

The gravamen of the complaints appears to be that defendants conspired to foreclose on Moran's family home at 257 Fenn Road in Cheshire, Connecticut, before unlawfully ejecting him from the house in violation of numerous federal and state laws. *See* Doc. #1-1; Doc. #21. Moran appears to allege that Virgo Finance initiated the foreclosure on his home while acting as the Town of Cheshire's collection agent in recovering tax payments. *See* Doc. #1-1 at 2. Moran includes with his complaint a copy of a Connecticut Superior Court docket sheet reflecting foreclosure proceedings on the property, *see* Doc. #1-19 at 7-10; *see also Virgo Mun. Fin. Fund, LP v. Moran*, NNH-CV13-6041879-S (Conn. Super. 2013), as well as a Superior Court order granting an application to eject Moran from the property, *see* Doc. #1-5 at 2. And indeed, the Superior Court's own records reflect that a judgment of foreclosure by sale was entered on May 30, 2017, with an execution of ejectment issued on January 19, 2018. *See Virgo Mun. Fin. Fund, LP v. Moran*, NNH-CV13-6041879-S, Doc. ##121.00, 159.00 (Conn. Super. 2013).

The second complaint summarizes the "charges" as follows:

> Failure to provide Plaintiff(s) a Fair Due Process Eviction / Auction/Foreclosure via an illegal Ejectment, ignoring evidence and fabr[]icating illegal court documents. 2. Conspired to false and maliciously commit[] an[] illegal Ejectment upon the person of John Verner Moran. 3. Engaged in deceitful conduct. 4. Intentionally inflicted emotional distress, resulting in P.T.S.D. 5. Acted negligently in ignoring Jessica Verner Moran's Last Will and Testament. 6. Acted negligently in ignoring the Federal Homestead Law / CT Code: 52/352. 7. Ill[eg]al seizure of the contents of the Sovereign Verner-Moran Homestead (Est, 1740) 8. Acted negligently in ignoring the "sovereign" status of the Verner-Moran Homestead (Est. 1740).

Doc. #21 at 2 (underlining omitted).

### DISCUSSION

Federal courts are courts of limited jurisdiction. A complaint filed in federal court must allege facts that give rise to plausible grounds to conclude that the court has federal jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Moreover, a complaint must contain "a short and plain statement of the claim showing that the party is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018). A complaint that fails to allege plausible grounds for relief may be subject to dismissal by the Court on its own initiative pursuant to 28 U.S.C. § 1915(e)(2)(B).

*The* Rooker-Feldman *doctrine*

To the extent that the complaint challenges either the initial judgment of foreclosure or the fact of Moran's subsequent ejectment from the family home, these claims implicate the *Rooker-Feldman* doctrine, which jurisdictionally bars federal courts from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). In order for the *Rooker-Feldman* doctrine to bar a plaintiff's claim, "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

The *Rooker-Feldman* doctrine appears to apply here. Moran was the losing defendant in Virgo Finance's state court case against him, and post-judgment proceedings in that case had concluded by the end of March 2018—more than a year before Moran filed this lawsuit. *See Virgo Mun. Fin. Fund, LP v. Moran*, NNH-CV13-6041879-S, Doc. #167.00 (Conn. Super. 2018); Doc. #1. Similarly, the foreclosure on the 257 Fenn Road property was a state court judgment, and insofar as defendants undertook Moran's ejectment from the property to effect that judgment, the ejectment itself was clearly caused by the state court judgment. *See Book v. Mortg. Elec. Registration Sys.*, 608 F. Supp. 2d 277, 288-89 (D. Conn. 2009). Thus, insofar as Moran asks the Court to conclude that the state court's judgment of foreclosure and the subsequent ejectment were illegitimate, Moran's request is that the Court review and reject the state court's judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*Rooker-Feldman* bars action challenging judgment of foreclosure as fraudulently

obtained). Accordingly, pursuant to the *Rooker-Feldman* doctrine, the Court is jurisdictionally barred from considering these claims by Moran.

### *Other federal claims*

Moran further alleges that the remaining defendants forced him out of his home in violation of several federal laws, and he appears to bring these claims under certain provisions of the federal criminal code that prohibit kidnapping, *see* Doc. #1-4 at 1, mail theft, *see* Doc. #1-7 at 1, and conspiracy, *see* Doc. #1-8 at 2. *See also* 18 U.S.C. §§ 1201, 1349, 1708. However, federal criminal statutes do not give a private plaintiff the right to sue a defendant for violating those statutes. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (no private legal interest in criminal prosecution of another). To the extent that Moran makes claims under federal criminal statutes, his complaints do not appear to allege plausible grounds for relief.

Moran's remaining federal claims appear to allege that defendants violated his constitutional rights. *See, e.g.*, Doc. #1-4 at 1 (mentioning the First Amendment); Doc. #1-5 at 1 (claiming police officers unlawfully entered his property); Doc. #1-8 at 11 (claiming Moran was never read his *Miranda* rights on ejectment). I construe his efforts to be an attempt to assert one or more federal constitutional claims under 42 U.S.C. § 1983. *See also* Doc. #1 at 3 (invoking First, Fifth, Sixth, and Seventh Amendments for jurisdiction, as well as 42 U.S.C. § 1983).

It does not appear, however, that any of the named defendants are proper parties to a lawsuit under section 1983. First, as to the State of Connecticut and the Connecticut Attorney General, they are not persons subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Next, as to "Ricci Construction Group Inc. (Atty. Kevin J. Hecht)" and "Virgo Municipal Finance Fund Inc. L.P. (Atty. Joshua Gilman)," neither of these parties are governmental actors. A plaintiff may not maintain an action under section 1983 against a private party unless the plaintiff shows that the private party's challenged actions amounted to state action. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012).

"A private entity acts under color of state law for purposes of § 1983 when (1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotations omitted). Thus, "[t]he fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Ibid.* (internal quotations omitted).

Here, Ricci Construction was the "successful bidder" on the 257 Fenn Road property following foreclosure, *see* Doc. #1-3 at 2-3, and filed the application for ejectment with the Superior Court, *see* Doc. #1-4 at 5. Purchasing property at a foreclosure sale and applying for ejectment are not exclusively state prerogatives. Nor is there any allegation in the complaint that Ricci Construction and any government actor worked together to wrong Moran other than conclusory claims of a criminal conspiracy. *See, e.g.*, Doc. #1-8 at 8.

Similarly, Virgo Finance's involvement arises from its participation in the foreclosure action as the Town of Cheshire's collection agent in recovering tax payments. Doc. #1-1 at 2. Such participation as a collection agent does not appear to be enough to make Virgo Finance or its managers a state actor. *See, e.g., Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (bank is not a state actor by reason of cooperation in garnishment of Social Security benefits at behest

of government authority). Accordingly, Moran's complaint does not appear to allege plausible grounds for relief pursuant to section 1983 against either Ricci Construction or Virgo Finance.

Finally, as to any section 1983 action against Cheshire or its town manager, to the extent Moran complains about the town's general involvement in the foreclosure action, his claim on this basis would be barred by the *Rooker-Feldman* doctrine, as discussed above. Moran also appears to claim that Cheshire police agents violated his rights when they entered his property to eject him. *See* Doc. #1-5 at 1. But even if individual Cheshire police officers violated Moran's constitutional rights, it is well-established that section 1983 does not impose *respondeat superior* liability against a municipality for the unconstitutional conduct of its employees. Instead, a municipality may be liable under section 1983 only if a constitutional violation occurred because of the act of a policymaking official or because of a municipal policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019). For pleading purposes, a municipal policy or custom may not be inferred solely from allegations that individual subordinate officers engaged in unconstitutional conduct, *see Hu*, 927 F.3d at 105, and a complaint may not rely solely on wholly conclusory allegations that the constitutional violation was the result of some municipal practice or policy. *See generally Adams v. City of New Haven*, 2015 WL 1566177 (D. Conn. 2015). The complaint thus does not appear to allege plausible grounds for relief against the Town of Cheshire.

To the extent that Moran attempts to assert other federal claims against defendants, his complaints are too vague, lengthy, and ambiguous. Even liberally construed, the complaints do not give defendants fair notice of the allegations against them. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

*State law claims*

Moran's final discernable claim in this lawsuit is that Cheshire police removed him from his home in violation of Connecticut's homestead statute, and that Cheshire improperly assessed his taxes under the same statute. *See* Doc. #1-5 at 1; Doc. #1-6 at 3; Conn. Gen. Stat. § 52-352.[1] This claim arises under state law. Federal courts may, of course, exercise diversity jurisdiction over state law claims involving an amount in controversy of more than $75,000 if no plaintiff and no defendant are citizens of the same state. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (Marshall, C.J.). Here, however, Moran is a Connecticut citizen, *see* Doc. #1 at 1, as is the Town of Cheshire. *See Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) ("The City of New York is, not surprisingly, a citizen of the State of New York."). As such, there is no basis for diversity jurisdiction. And if I were to dismiss the federal claims at the pleading stage, I would decline to exercise supplemental jurisdiction over Moran's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013).

## CONCLUSION

For the reasons set forth above, it appears that the complaints do not allege plausible grounds for the exercise of federal jurisdiction or for relief. But the Court shall permit Moran by **October 14, 2019,** to file a response to this order to show cause if he disagrees with the Court's analysis and/or to file an amended complaint if he believes that he can allege additional facts that

---

[1] Conn. Gen. Stat. § 52-352 (Property exempt from attachment and execution) was repealed, per the Connecticut General Statutes current through the 2019 First Regular Session. Liberally construed, plaintiff's claim on this point could be understood as referring to Conn. Gen. Stat. § 52-352(a)-(b), which both remain current law.

8

address the Court's concerns stated in this ruling.

If Moran chooses to file an amended complaint, it must comply with Federal Rules of Civil Procedure 8(a) and 10(b), shall use numbered paragraphs to set out a short and plain description of Moran's claims to relief, and to promote clarity, shall separate each cause of action or claim to relief into a separate count. Any amended complaint should recount facts in chronological order and be free from irrelevant information. Any amended complaint shall clearly state in its caption which entities and/or persons are plaintiffs and defendants.

It is so ordered.

Dated at New Haven this 23rd day of September 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge